**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.    Case No: 8:06-CR-104-T-27EAJ

**JOEY K. LANSING**
_____/

### ORDER

**BEFORE THE COURT** is the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth A. Jenkins (Dkt. 30) recommending that Defendant's Motion to Dismiss for Speedy Trial Violation (Statutory and Constitutional) or in the Alternative Motion for *Kastigar* Hearing and Motion to Dismiss (Dkt. 8) be DENIED without conducting a full *Kastigar* hearing. Defendant filed Objections to the Report and Recommendation. (Dkt. 38). The Government did not file any objections to the R&R and did not respond to Defendant's Objections.

### Background

The pending Indictment charges Defendant with one count of conspiring to prepare and submit false, fictitious, and fraudulent federal income tax returns for himself and others, in violation of 18 U.S.C. § 286, and four counts of failing to make an income tax return, in violation of 26 U.S.C. § 7203. (Dkt. 1). Pursuant to a Proffer Agreement, Defendant was debriefed by Internal Revenue Agents and provided numerous files to the Government. It is undisputed that the Proffer Agreement provided "use" immunity to Defendant but did not provide "derivative use" immunity.

Defendant was originally indicted on August 29, 2003 and charged in a one count indictment with the identical offense now contained in Count One of the pending Indictment. (See Case No. 8:03-CR-144-T24MAP). Defendant filed a Motion to Dismiss on September 17, 2003, alleging that

the Grand Jury improperly considered his statements made pursuant to the Proffer Agreement. The government conceded use of Defendant's proffered statements and on January 6, 2004, moved to dismiss the indictment. That motion was granted on January 8, 2004. Defendant was re-indicted on March 28, 2006, made his initial appearance on March 31, 2006, and filed the instant Motion to Dismiss on April 12, 2006, contending violation of his statutory and constitutional speedy trial rights and requesting a *Kastigar* hearing.[1]

### Necessity of *Kastigar* Hearing

Pursuant to *United States v. Byrd*, 765 F.2d 1524, 1532-33 (11th Cir. 1985), the Magistrate Judge conducted an *in camera* review of the IRS Special Agent Tomlins' testimony before the Grand Jury and also questioned Agent Tomlins *in camera*. The Magistrate Judge found that there was no evidence that statements or records obtained during Defendant's proffer were used as evidence before the Grand Jury and that no direct use of Defendant's proffered statements or documents occurred. This court has likewise read Agent Tomlins' testimony and finds, with three exceptions, that there was no apparent direct use of Defendant's proffered statements or documents.

While the Magistrate Judge conducted an *in camera* interview of Agent Tomlins, this court is not privy to that interview. Accordingly, the court will conduct an abbreviated *Kastigar* hearing on the morning trial is scheduled to commence. The areas of inquiry in Agent Tomlins' testimony are: p. 5, L. 3-5; p. 12, L. 16-25 through p. 13., L. 1; p. 19, L. 20- 25 through p. 20, L. 1- 25.

The government shall provide a transcript of Agent Tomlins' entire Grand Jury testimony to Defense counsel immediately. See 18 U.S.C. § 3500(b); Fed. R. Crim. P. 6(e)(3)(C). **Defense counsel shall not disseminate or discuss that testimony outside counsel's office.**

### Speedy Trial

---

[1] *Kastigar v. United States*, 406 U.S. 441 (1972).

The Magistrate Judge's statutory speedy trial analysis was correct. The Speedy Trial Act limitations do not apply when a defendant is not under arrest or indictment. *United States v. Godoy*, 821 F.2d 1498, 1506 n.2 (11th Cir. 1987). Accordingly, the time period between dismissal of the original indictment and the return of the second is not counted against Defendant's statutory speedy trial time. *United States. v. MacDonald*, 635 F.2d 1115, 1118 (4th Cir. 1980); *United States v. Kelly*, 45 F.3d 45, 48 (2nd Cir. 1995). Only 30 days have run on Defendant's 70 day speedy trial period.

Defendant's constitutional speedy trial contentions are likewise without merit and the Magistrate Judge correctly rejected them. Defendant has not established either actual prejudice or that the delay was occasioned by the Government's deliberate design to gain a tactical advantage. See *United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995). Moreover, Defendant does not contend that the delay was deliberate on the part of the government. His due process contentions were therefore appropriately rejected by the Magistrate Judge.

In his objections, Defendant finds fault with the Magistrate Judge's due process analysis, arguing that "[t]his is a post-indictment case in all but name" and "[t]he only difference between this case and the 'post-indictment' cases is semantic." (Dkt. 38, p. 4-5). Defendant contends that because the dismissal was without prejudice, "government made it clear they never intended to abandon this prosecution." Defendant essentially argues that the delay in the re-indictment and prosecution of Defendant should therefore be analyzed as post-indictment delay for purposes of Defendant's Sixth Amendment speedy trial right.

Defendant cites no authority, however, for his contention that the 26 month delay between dismissal of the original indictment and the return of the second indictment is subject to a presumption of excessive delay which might apply to a similar post-indictment delay. The *Barker*

3

*v. Wingo* analysis applies only to post-indictment delay.[2] The instant case is a pre-indictment case, notwithstanding that Defendant has been charged in one count with the identical charge contained in the original indictment.

After careful consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Magistrate Judge's Report and Recommendation is adopted, confirmed, and approved in all respects, with the exception that an abbreviated *Kastigar* hearing will be conducted as discussed above.

Defendant's Motion to Dismiss for Speedy Trial Violation (Statutory and Constitutional) (Dkt. 8) is DENIED. Defendant's alternative Motion for a *Kastigar* hearing is GRANTED *in part*. In the event a Kastigar violation is found, Defendant may renew his Motion to Dismiss on that ground.

**DONE AND ORDERED** in Tampa, Florida, on this **23rd** day of August, 2006.

> s/ *James D. Whittemore*
> **JAMES D. WHITTEMORE**
> **United States District Judge**

Copies to:
Counsel of Record

---

[2] *Barker v. Wingo,* 407 U.S. 514 (1972).